IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| MARTIN DAVID DRIGOTAS, JR | * | |
| | * | |
| and | * | 3:23cv513 |
| | * | |
| CHRISTINA IRENE LOOME, | * | |
| | * | |
| *Plaintiffs,* | * | |
| | * | |
| v. | * | |
| | * | |
| SUBARU OF AMERICA, INC | * | |
| Please Serve: | * | |
| Registered Agent | * | |
| C T CORPORATION SYSTEM | * | |
| 4701 Cox Road Ste 285, | * | |
| Glen Allen, VA, 23060-6808 | * | |
| | * | |
| *Defendant*. | * | |

## COMPLAINT

NOW INTO Court, through undersigned counsel, come the Plaintiffs, Martin David Drigotas and Christina Irene Loome, and move the Court for Judgment against Defendant, Subaru of America, Inc on the basis of the following facts and law:

## JURISDICTION

1.     This Honorable Court has Diversity Jurisdiction of this Civil Action pursuant to 28 U.S.C. §1332. Plaintiffs are citizens of Chesterfield County, Virginia and the Defendant, Subaru of America, Inc. is a corporation organized under the laws of New Jersey with a principal place of business in Camden, New Jersey. The amount in controversy exceeds $75,000.00.

2.    This Honorable Court has Federal Question Jurisdiction of this civil action

       pursuant to 28 U.S. Code §1331. The Plaintiff asserts a claim pursuant to the

       Magnuson-Moss Warranty Act, 15 U.S. Code §§2301-2312. The amount in

       controversy exceeds $50,000.00.

## VENUE

3.    Venue in this Honorable Court is proper pursuant to 28 U.S.C. §1391 as this

       Judicial District is where a substantial part of the events and/or omissions giving

       rise to the claims occurred. Venue in the Richmond Division is proper pursuant to

       Local Civil Rule 3 because this is where a substantial part of the events and/or

       omissions giving rise to the claims occurred.

## FACTS

4.    Plaintiffs Martin David Drigotas is a citizen of Virginia residing in and domiciled in

       Chesterfield County, Virginia.

5.    Plaintiff Christina Irene Loome is a citizen of Virginia residing in and domiciled in

       Chesterfield County, Virginia.

6.    Defendant Subaru of America, Inc is a corporation organized under the laws of

       New Jersey with a principal place of business in Camden, New Jersey.

7.    On December 26, 2022 the Plaintiff entered into a lease agreement for a new

       2023 Subaru Ascent, vehicle identification number 4S4WMAHD5P3409966. This

       Subaru was manufactured by the Defendant Subaru of America, Inc.  On

       information and belief, CMA's Colonial Subaru is the authorized sales and

       warranty service and repair agent of Defendant Subaru of America, Inc.  The

       odometer had 3 miles on it at the time of sale. The vehicle came with a Subaru

bumper- to- bumper 3-year warranty. The lease agreement called for the payment of $ 3,713.75 upon delivery plus 35 payments of $518.70 per month. The gross capitalized cost is $45,233.75.

8.      On February 15, 2023, the vehicle was taken to Defendant CMA's Colonial Subaru dealership to repair numerous issues such as: the rearview camera was fogging up internally after it rains, poor fuel mileage, and a non-functioning Android Auto electronic system when setting destinations using Google maps. The technician at CMA's Colonial Subaru claimed the Android Auto electronic console system was functioning as designed.  Although he claimed it was "functioning as designed" he then suggested that the Plaintiff use a different USB cable.  The technician also repaired and replaced the front and rear camera, and after testing, concluded the issue was repaired.

9.      On March 7, 2023, Plaintiffs returned to Defendant CMA's Colonial Subaru dealership to repair the outstanding issues with the Subaru. The Plaintiffs stated the electronic console audio unit screen blacks out and the Android Auto electronic console was not functioning. The technician at CMA's Colonial Subaru performed a software update and again claimed the defect was repaired.

10.     On June 12, 2023, the Plaintiffs took the Subaru back for repairs to the tire bead, the gas tank cover was sticking, and the electric console system was again going in and out causing the radio to switch to FM radio. The technician at CMA's Colonial Subaru put four Original Equipment Manufacturer tires on the vehicle. The technician claimed he tested the fuel door over 15 times over a three-day period and claimed he could not duplicate this concern. The technician notified

the Techline at Subaru for guidance regarding the defective electronic console

and provided all required information. In spite of this, Subaru of America, Inc

declined replacement of a new console at this time. The vehicle was returned to

Plaintiffs on June 27, 2023.

11.     Accordingly, Plaintiffs filed this suit.

## COUNT ONE
## VIOLATION OF THE VIRGINIA MOTOR VEHICLE WARRANTY ACT

12.     The facts alleged in Paragraphs 1-11 are re-pled and incorporated herein by

reference.

13.     Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty

Enforcement Act (hereafter referred to as the "Virginia Lemon Law") Virginia

Code § 59.1-207.11 et seq.

14.     Defendant Subaru of America, Inc. is a manufacturer as defined by Virginia Code

§ 59.1-207.11 et seq, and has received due notice under the same statute.

15.     The Virginia Lemon Law requires a manufacturer to *"make such repairs as are*

*necessary to conform the vehicle to such warranty"* that are provided to the

consumer. Defendant Subaru of America, Inc has been unable to repair Plaintiff's

vehicle after a reasonable number of repair attempts. Specifically, Virginia Code

§ 59.1-207.13(B)(3) provides that *"It shall be presumed that a reasonable*

*number of attempts have been undertaken to conform a motor vehicle to any*

*warranty and that the motor vehicle is significantly impaired if during the period of*

*eighteen months following the date of original delivery of the motor vehicle to the*

*consumer… the same nonconformities has been subject to repair three or*

*times…and the same nonconformities continue to exist."* Also, if the

nonconformity is a serious safety defect and has been subject to repair one time and the defect continues to exist, it is therefore presumed the Plaintiff's vehicle has been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety.

**COUNT TWO**
**MAGNUSON-MOSS WARRANTY ACT VIOLATIONS**

16. The facts alleged in paragraphs 1-11 are incorporated herein by reference.

17. Plaintiffs are consumers as defined in 15 U.S.C. §2301(3). Defendant fits the definition of a supplier and warrantor as defined in 15 U.S.C. § 2301(4)-(5). The vehicle is a consumer product as defined in 15 U.S.C. § 2301(1).

18. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied warranty of merchantability was given to Plaintiffs as a part of the purchase, warranties which meet the definition of written warranty and implied warranty as contained in 15 U.S.C. §2301(6)-(7), respectively.

19. The Limited Warranty has failed its essential purpose and the Defendant has violated the Act due to it's inability to repair or replace the nonconformities within a reasonable time, and it's refusal to provide the Plaintiffs with a refund as required in 15 U.S.C. §2304(a)(1) and (4).

20. The Defendant has also breached its implied warranties of merchantability since the vehicle, in view of the nonconformities that exist and the Defendant's inability to correct them, is not fit for the ordinary purpose for which the vehicle is being used. See 15 U.S.C. §§2308, 2310(d).

21.    As a proximate result of Defendants violations of the Magnuson-Moss Warranty

Act and breach of warranties, the Plaintiffs have been damaged for which the

Defendant is responsible. See 15 U.S.C. §§2304(a) and 2310(d).

22.    Plaintiffs also seek a judgment award equal to the aggregate amount of cost and

expenses, including attorneys' fees at a rate of $550.00 per hour or 1/3rd of

whatever is recovered, whichever is greater. See, 15 U.S.C. §2310(d)(2).

23.    In light thereof the Plaintiffs are entitled to recover the full contract price,

including all collateral charges, incidental damages, trebled for willful violation of

the Virginia Consumer Protection Act, interest, mileage, expense, and loss of

use.  The Plaintiffs are also entitled to recover their attorney fees, expert witness

fees, and court costs.

## COUNT THREE
## VIRGINIA CONSUMER PROTECTION ACT

24.    The facts alleged in paragraphs 1-11 are incorporated herein by reference.

25.    The Virginia Consumer Protection Act, VA. Code § 59.1-196 et seq, was enacted

as remedial legislation to promote fair and ethical standards of dealings between

suppliers and the consuming public.  Fraudulent acts or practices committed by a

supplier in connection with a consumer transaction are unlawful.  Defendant

Subaru of America, Inc is a supplier as defined by the Act.

26.    The Virginia Consumer Protection Act prohibits all fraudulent acts or practices by

a supplier, including but not limited to misrepresenting goods have certain

characteristics, or benefits (sec § 59.1-200 A ) misrepresenting repairs,

operating, modifications, or services have been performed or parts installed and

using any other deception, fraud, false pretense, false promise, or

{3825 / 000}                           Page 6 of 8

misrepresentation in connection with a consumer transaction (sec § 59.1-200 (A) (14). Defendant Subaru of America, Inc has violated these provisions of the Consumer Protection Act by misrepresenting the vehicle had the benefit of a functional warranty for defects in the vehicles when in reality Subaru of America, Inc. refused to repair or replace the defective electronic system.

27.    The Plaintiffs purchased their vehicle in reliance on the misrepresentations Defendant Subaru of America, Inc made resolving the warranty.  Had the Plaintiffs known Defendant Subaru of America, Inc would not honor its warranty, even when its own authorized warranty service and repair agent gave it all the information necessary to demonstrate the need for replacement and repair, they never would have purchased the vehicle.

28.    In light thereof the Plaintiffs are entitled to recover the full contract price, including all collateral charges, incidental damages, trebled for willful violation of the Virginia Consumer Protection Act, interest, mileage, expenses, and loss of use. The Plaintiffs are also entitled to recover their attorney fees, expert witness fees, and court costs.

WHEREFORE, Plaintiffs Martin David Drigotas and Christina Irene Loome, move the Court for judgment for rescission of their contract with Defendant Subaru of America, Inc for damages in the amount of the purchase price for their Subaru Ascent ($45,233.75.), trebled for willful violation of the Virginia Consumer Protection Act, court costs and expenses, including attorney's fees at a rate of $550.00 per hour or 1/3rd of whatever is recovered, whichever is greater.

**Trial by Jury is demanded.**

Respectfully Submitted,

MARTIN DAVID DRIGOTAS
and CHRISTINA IRENE LOOME

/s/ James B. Feinman_____

James B. Feinman, Esq. (VSB No. 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA  24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
jb@jfeinman.com

/s/ James B. Feinman_____